HELEN GOLDSTEIN, as Trustee in Bankruptcy of the Estate of PINCUS BURGER, Bankrupt, Respondent, v. EAST SIDE METAL SPINNING AND STAMPING CORPORATION and Others, Appellants; SAMSON BURGER and Another, Defendants.— In an action brought to have the transfer of the bankrupt's business set aside as in fraud of creditors, judgment in favor of plaintiff awarding such relief reversed on the law, with costs, and the complaint dismissed, with costs. We are of the opinion that the evidence is insufficient to warrant the judgment entered. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made in conformity therewith. Lazansky, P. J., Young and Johnston, JJ., concur; Hagarty and Davis, JJ., dissent and vote to affirm. Settle order on notice.

JOHN F. HARRINGTON, Formerly Known as BENJAMIN J. BROWN, Respondent, v. THIRD AVENUE RAILWAY COMPANY, Appellant.— Judgment for plaintiff in a personal injury action reversed on the law and the facts and a new trial granted, costs to abide the event. We are of opinion that the verdict is against the weight of the evidence. Lazansky, P. J., Young and Johnston, JJ., concur; Hagarty and Davis, JJ., dissent and vote to affirm.

HILLCREST HOLDING CO., INC., Respondent, v. UNICORN REALTY CO., INC., Appellant, and Others, Defendants.— Judgment decreeing foreclosure of certain mortgaged premises unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Davis, Johnston and Adel, JJ.

ANNA M. HOGEL, Appellant, v. BEE LINE, INC., and LORETTA SHANLEY, Respondents.— Action to recover damages for personal injuries to plaintiff, a passenger, against defendant bus owner, whose bus collided with an automobile owned by the individual defendant. Judgments dismissing the complaint as against both defendants reversed on the law and a new trial granted, costs to abide the event. The plaintiff established a *prima facie* case against both defendants. Whether or not the claimed prior inconsistent statements of the two witnesses on liability exculpated either defendant presented a question of fact for the jury. The jury were free to find that the testimony adduced on the trial represented the true version of the accident, rather than that set out in the prior statements, or that the prior statements contained information not in fact given to the investigator by either the plaintiff or the witness Goldman. Young, Carswell, Davis, Adel and Taylor, JJ., concur.